## 11758

### HEWITT v. ATLANTIC COAST LINE R. CO. *ET AL.*

#### (127 S. E., 718)

1. NEW TRIAL—MATTER OF GRANTING NEW TRIAL FOR EXCESSIVENESS OF PUNITIVE DAMAGES IS WITHIN DISCRETION OF TRIAL JUDGE.—Matter of granting new trial for excessiveness of punitive damages awarded is purely within discretion of trial Judge.

2. NEW TRIAL—ORDER GRANTING NEW TRIAL AS TO PUNITIVE DAMAGES HELD NOT ERRONEOUS.—In action by passenger for injuries from being shot by conductor during altercation between conductor and

another passenger, in which $3,000 punitive damages were awarded, an order granting new trial as to punitive damages was not erroneous.

3. CARRIERS—PAID PASSENGER IN PLACE WHERE HE HAS RIGHT TO BE IS ENTITLED TO HIGHEST DEGREE OF CARE.—Paid passenger in place where he has right to be is entitled to highest degree of care.

4. ASSAULT AND BATTERY—CONDUCTOR SHOOTING IN SELF-DEFENSE AND INJURING PASSENGER OTHER THAN ASSAILANT, HAS SAME BURDEN OF SHOWING JUSTIFICATION AS IF HE HAD HIT ASSAILANT.—Railroad conductor, who in self-defense shoots and injuries a passenger other than his assailant, stands in same position as if he had shot assailant, and has burden of showing that he acted in self-defense and was justified.

Before WILSON, J., Florence, May, 1924. Affirmed.

Action by W. E. Hewitt against The Atlantic Coast Line Railroad Company and R. H. McClenaghan. Judgment for plaintiff and defendants appeal.

*Messrs. F. L. Willcox* and *A. L. Hardee,* for appellants, cite: *Master only liable when servant acting in actual scope of his employment:* 260 U. S., 349; 67 L. Ed., 299; 117 S. C., 327; 118 S. C., 225; 121 S. C., 407; 124 S. C., 19; 121 S. E., 267 S. C., 350. *Self-defense available to employee; carrier not liable to aggressor:* 10 C. J., 893-894; 38 S. C., 1. *Carrier not liable to innocent third party:* 142 U. S., 18; 35 L. Ed., 919; 43 L. R. A., 832, 833. *Negligence of carrier not alleged:* 125 S. E., 651. *Opprobrious language bringing on difficulty:* 75 S. C., 510.

*Messrs. Whiting & Baker, L. M. Gasque* and *A. F. Woods,* for respondent, cite: *Jury to choose between conflicting testimony:* 107 S. C., 21. *Acts within scope of servant's employment:* 108 S. C., 220; 115 S. C., 433. *Whether servant acted within scope of his employment is question for the jury:* 118 S. C., 226; 101 S. C., 483. *Negligence of servant question for the jury:* 101 S. C., 483. *When carrier presumed negligent:* 118 S. C., 153; 82 S. C., 345; 93 S. C., 71; 113 S. C., 261. *Contract of carriage; duties of carrier and employees:* 94 S. C., 282; 108

S. C., 151; 74 S. C., 332; 92 S. C., 93 S. C., 295; 10 C.
J., 889; 66 W. Va., 607, 618; 67 S. E., 1103; 92 Ind., 371;
47 Am. S. R., 149; 44 Ind. A., 375; 89 N. E., 403, 404;
163 Iowa, 430, 433; 144 N. W., 1018; 60 Fla., 159; 53 S.,
937; 120 N. Y., 117; 17 Am. S. R., 611; 8 L. R. A., 224;
24 N. E., 319; 141 Mo. A., 514; 125 S. W., 1189. *Note of
Mr. Freeman:* 32 Am. S. R., 648; 89 Am. S. R., 43; 109
Am. S. R., 656; 121 U. S., 637; Pomeroy's Code Remedies,
Sec. 581; 51 S. C., 539; 108 S. C., 151. *Opprobrious lan-
guage bringing on difficulty:* 75 S. C., 494; 78 S. C., 83.
*Self-defense exercised with negligence toward third party:*
32 Conn., 75; 67 Ill., 132; 16 Am. Rep., 615; 137 Pac.,
885; 50 L. R. A. (N. S.), 1069. *Review of verdicts:* 103
S. C., 117; 21 L. Ed., 749; 96 S. C., 267; 109 S. C., 471;
104 S. E., 1086; 11 S. C., 591; 53 S. C., 210; 69 S. C., 161;
83 S. C., 293; 86 S. C., 529.

May 6, 1925.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

"This action was commenced on July 21, 1921, for the
recovery of $25,000 damages on account of the alleged joint
and concurrent negligence, willfulness and recklessness of the
defendants, resulting in injury to the plaintiff, who received
a wound in his wrist from a pistol bullet fired during an
altercation between the defendant, R. H. McClenaghan, the
conductor of the defendant Atlantic Coast Line Railroad
Company, and a passnger on the defendant Railroad Com-
pany's train on July 13, 1920, near Florence, S. C. Defend-
ant denied the allegations of the complaint.

"The action was tried at the May, 1924, term of Court
of common pleas for Florence County before his Honor,
Judge John S. Wilson, and a jury. At the conclusion of the
testimony defendant Atlantic Coast Line Railroad Company
moved the Court for an order directing the jury to find a
verdict in its favor on grounds hereinafter stated in detail.

This motion was refused by the Court. The jury returned, on May 15, 1924, a verdict in favor of plaintiff for $12,000 actual and $3,000 punitive damages against the defendants. A motion for a new trial was argued, and his Honor, Judge Wilson, on May 27, 1924, refused the motion to set aside the verdict in so far as the award of actual damages in the sum of $12,000, but granted defendant's motion in so far as punitive damages in the sum of $3,000 was concerned.

"In due time notice of appeal was served by the appellants as well as by the respondent to reverse the order reducing the verdict."

The statement says that the respondent appeals as to 1, 2 that part of Judge Wilson's order as to punitive damages. The brief does not show any such exceptions, but, even if it did, the exceptions would be overruled, as that was purely within the discretion of Judge Wilson, and we see no erroneous exercise of that discretion.

The appellants by seven exceptions allege error in not granting a directed verdict made by the Atlantic Coast Line Railroad; in not granting a directed verdict made by both appellants; error in his charge to the jury and in not granting motion for a new trial asked for by the appellants.

An altercation arose between the conductor and another passenger which resulted in a fight and a shooting, and the respondent had nothing to do with that "scrap" but was shot. He was an innocent bystander, and "got the hot end of the poker."

3 He had bought his ticket, and was where he had a right to be and was entitled to the highest degree of care.

4 It is true that the conductor on the train, if assaulted, had a perfect right to protect himself, and, if he was without fault in bringing on the difficulty, had a right to kill, if necessary, in order to have complete self-protection, and, if he was acting strictly in self-defense and was assaulted by another and was justified in shooting and hit

another against whom he had nothing, he would stand just as if he had hit the man at whom he was shooting, and the burden would be on him to show he was acting in self-defense and was justified in shooting under the numerous cases decided by this Court.

The jury who tried the case had all of the evidence before them as to what led up to the difficulty between the other passenger and the conductor, the whole act as to the shooting on the passenger coach, filled with the passengers, and the shooting of a passenger, who did not bring on the difficulty, and had nothing to do with it.

The jury found against the contention of the appellants that the conductor in charge of the train, acting within the scope of his authority, got into a difficulty with another passenger and in consequence the respondent was wounded.

We see no error on the part of his Honor in any of the particulars as complained of by the exceptions, and all exceptions are overruled and judgment affirmed.

MR. CHIEF JUSTICE GARY, MR. JUSTICE FRASER and MR. ACTING ASSOCIATE JUSTICE JAS. W. JOHNSON concur.

MR. JUSTICE MARION concurs in result. MR. JUSTICE COTHRAN did not participate.